IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| NATHAN S. LEE | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:13cv687 |
| | : | |
| GREEN TREE SERVICING, LLC, *et al.* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR LEAVE TO DISMISS COUNT NINE OF HIS COMPLAINT**

COMES NOW the Plaintiff, Nathan S. Lee, by counsel, and as for his Memorandum in Support of His Motion for Leave to Dismiss Count Nine of His Complaint, he states as follows:

**INTRODUCTION**

Defendant has consented to this Motion.

Plaintiff filed his complaint against Defendant Green Tree Servicing, LLC ("Green Tree" or "Defendant" alleging various violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.* and the Real Estate Settlement Procedures Act (or "RESPA"), 12 U.S.C. § 2601, *et seq.* While Plaintiff also filed suit against the credit reporting agencies, Equifax, Trans Union, and Experian, those claims have since been resolved. Thus, the Plaintiff's only remaining claims at issue in his Complaint are under Count Eight, which alleges that Green Tree violated § 1681s2-(b) of the FCRA, and Count Nine, which alleges that Green Tree violated § 2605(e) of RESPA.

Plaintiff's case is founded upon his FCRA claim, and the damages alleged emanate from Green Tree's violations of the FCRA, including the punitive damages alleged under that statute. As the evidence has been discovered, Plaintiff's RESPA claim is an ancillary and largely

duplicative count that provides for minimal additional damages. While Plaintiff believes Green Tree's Motion for Judgment on the Pleadings (Dkt. No. 23) is incorrect as a matter of law and does not concede the argument, it is still secondary in both its damages and settlement impact. Yet, it seems to be a great impediment to settlement of this case and a basis for substantial avoidable expenditure of judicial resources. Therefore, in an effort to streamline this case, Plaintiff moves to voluntarily dismiss Count Nine of his Complaint relating to claims that Green Tree violated RESPA. Plaintiff believes that this will simplify the Court's analysis of this case as well as promote judicial economy in that it will eliminate the need for additional briefing and hearings on this claim.

Permitting Plaintiff to dismiss his RESPA claim is in the interests of justice because it would simplify the case and allow the parties to focus on Plaintiff's primary FCRA claim. Green Tree would suffer no prejudice if the Court were to permit Plaintiff leave to dismiss Count Nine of his Complaint as it accomplishes all that its Motion for Judgment seeks. In fact, it would benefit Green Tree as it would reduce the burden with regard to briefing and the upcoming hearing regarding this claim. Moreover, the Defendant has objected to a significant amount of discovery that Plaintiff issued seeking documents relating to his RESPA claim. Permitting Plaintiff to dismiss this claim would further reduce the discovery disputes in this case and lessen the Defendant's burden with regard to document production. This would also promote judicial economy in that it would narrow Plaintiff's Motion to Overrule the Defendant's Objections to Discovery and Compel Full Discovery Responses that Plaintiff plans to file in the very near future. Thus, dismissing this claim is in the interests of justice.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion for Leave to Dismiss Count Nine of His Complaint, enter the Proposed Order, and grant the Plaintiff any such further relief that the Court deems just and proper.

Respectfully submitted,
**NATHAN S. LEE**

By:_____/s/_____
Leonard A. Bennett, VSB No. 37523
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

Susan M. Rotkis, VSB No. 40693
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
srotkis@clalegal.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 21st day of April, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery, Jr.
*Counsel for Equifax Information Services, LLC*
MONTGOMERY & SIMPSON, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
jmontgomery@jwm-law.com

Jason E. Manning
David M. Gettings
Ethan G. Ostroff
*Counsel for Green Tree Servicing, LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
jason.manning@troutmansanders.com
david.gettings@troutmansanders.com
ethan.ostroff@troutmansanders.com

Michael R. Ward
*Counsel for Trans Union LLC*
MORRIS & MORRIS, P.C.
11 S. 12th Street, 5th Floor
Richmond, VA 23218
gkronenberg@morrismorris.com

David Neal Anthony
Timothy J. St. George
Virginia Bell Flynn
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
Troutman Sanders Bldg
1001 Haxall Point
Richmond, VA 23219
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com
virginia.flynn@troutmansanders.com

                                                 /s/
Leonard A. Bennett, VSB No. 37523
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:  (757) 930-3662
lenbennett@clalegal.com